UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Kevin B. Dean,<br><br>Debtor | Chapter 11<br><br>Case No. 20-20427 |

### ORDER DENYING MOTION TO DISMISS

The United States trustee believes that this case must be dismissed "because the estate includes a potential cause of action that cannot be lawfully administered by a trustee or the debtor in possession." *See* [Dkt. No. 91 p. 1] (the "Motion to Dismiss"). The Debtor opposes dismissal. *See* [Dkt. No. 106]. The Motion to Dismiss is hereby DENIED.

The pertinent facts are undisputed. The Debtor was the sole member of MR, LLC and, on the eve of bankruptcy, assigned his entire membership interest to TrineDe, Inc., an entity owned by his spouse. In exchange, TrineDe promised to pay the Debtor 100% of the fair market value of MR's assets. *See* [Dkt. No. 106, Ex. B]. MR has been indicted on, but not convicted of, federal criminal charges. The Debtor has not been indicted. Real estate previously owned by MR has been sold and the proceeds in the approximate amount of $381,000 are in escrow, pending the outcome of a forfeiture proceeding related to the criminal case against MR.[1]

The United States trustee ("UST") asserts that the Debtor is in an impossible bind and cannot be permitted to pursue bankruptcy relief. Specifically, he contends that the Debtor, as an estate fiduciary, is required to investigate and recover any avoidable transfers for the benefit of the estate, including the transfer of his membership interest in MR. But the UST also asserts that

---

[1] The United States trustee has expressed uncertainty about whether MR has any assets other than the escrowed sale proceeds. The Debtor's counsel has represented that MR has no other assets. There is no need to resolve this question at this juncture, and even if there were, the United States trustee has not asked for the opportunity to conduct discovery or put on evidence.

the Debtor is prohibited from recovering the transfer and administering MR's assets because "MR, LLC and any proceeds derived therefrom including the real estate sale proceeds are assets derived from a criminal business operation that violates federal law." [Dkt. No. 91, p. 2.]

In support of this paradoxical perspective, the UST cites <u>Arenas v. U.S. Trustee (In re Arenas)</u>, 535 B.R. 845 (B.A.P. 10th Cir. 2015). That decision featured debtors actively engaged in growing marijuana and leasing real estate to a marijuana dispensary. The court denied the debtors' request to convert their chapter 7 case to chapter 13 because any chapter 13 plan would necessarily be funded from the profits of ongoing criminal activity and the debtors could not meet the requirement of proposing a plan in good faith "and not by any means forbidden by law." *See* 11 U.S.C. § 1325(a)(3). The court also granted the United States trustee's motion to dismiss the chapter 7 case for cause under 11 U.S.C. § 707(a), concluding that it would be impossible for a trustee to administer the debtors' non-exempt marijuana plants and marijuana-related real estate without committing federal crimes. The court also concluded that abandonment of the marijuana assets would not be a tenable alternative to dismissal because the bankruptcy would then shield the debtors and their marijuana-related assets from collection activities without providing any real benefit to their creditors.

This case is easily distinguishable from <u>Arenas</u>. The Debtor has proposed a chapter 11 plan that does not rely upon income from marijuana-related activities. There is no allegation that the Debtor is currently engaged in activities prohibited by federal law. Although MR has been accused of violating the Controlled Substances Act, it has not been convicted. Even if it were convicted in the future, that conviction would not necessarily taint the proceeds of the real estate that may have been used in the conduct of criminal activities. That question remains to be determined by the District Court in the forfeiture action. If the Debtor were to obtain the value

of the MR transfer and use that value to fund his reorganization efforts, the plan would not necessarily become a vehicle for distributing the proceeds of criminal activities to creditors. Further, the Debtor might utilize his disposable income or a contribution from a third party—in either instance under a confirmed plan—to pay creditors more than they would have received in a hypothetical chapter 7 liquidation involving a complete recovery of the value of the Debtor's interest in MR.  In these scenarios, the Debtor would avoid any entanglement with the potentially problematic assets altogether.  In short, there is no current effort to administer an asset that may be the product of a violation of the Controlled Substances Act, and it is at least possible that a plan could be confirmed without any such effort.

Contrary to the UST's belief, there is nothing in the Bankruptcy Code that requires a debtor in possession to pursue avoidance of a particular transfer.  To be sure, the Code empowers the trustee to pursue avoidance of certain transfers made and obligations incurred.  *See, e.g.,* 11 U.S.C. §§ 545-549.  But there is no requirement in the Code, or in any binding caselaw cited by the UST, that the debtor in possession actually wield those powers in any particular case.  If there are transfers that might be avoided by a debtor in possession who elects not to pursue avoidance of those transfers, there may be consequences for confirmation of a plan proposed by the debtor.  *See* 11 U.S.C. § 1129(a)(7)(A)(ii).  There may be other consequences as well.  But that choice—try to obtain avoidance and recovery or obtain confirmation without avoidance—is a choice for the debtor in the first instance.

At the hearing on the Motion to Dismiss, the UST asserted that the outcome of the forfeiture proceeding may not exonerate the Debtor from violations of the Controlled Substances Act.  But the Debtor has not been charged with such violations, let alone convicted of them.  To the extent that MR's conduct is germane to the issue of cause under 11 U.S.C. § 1112(b), there

has also been no conviction of MR, and no determination that its assets are subject to forfeiture. The UST also maintains that even if MR is acquitted, the Debtor would remain ineligible for bankruptcy relief on account of MR's marijuana-related activities that the government may have elected not to prosecute. The UST cites no authority for this somewhat remarkable proposition. In any event, the Court is not persuaded that the UST has established cause for dismissal.

Date: March 31, 2021

                                    Michael A. Fagone
                                    United States Bankruptcy Judge
                                    District of Maine