## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re: | Chapter 11 |
| Kevin B. Dean, | Case No. 20-20427 |
| Debtor | |

### <u>ORDER ESTABLISHING FURTHER PROCEEDINGS ON CONFIRMATION</u>

This chapter 11 case began about six months ago.  Since then, the Debtor has filed

several plans, including, most recently, the Third Amended Plan of Reorganization dated April 7,

2021 [Dkt. No. 141] (the "Plan").  The Plan designates three classes of claims, one for allowed

claims held by Emile Clavet, a second for allowed claims held by Machias Savings Bank

("MSB"), and a third for allowed claims held by Franklin Savings Bank.  In the Plan, the Debtor

asserts that, in a hypothetical chapter 7 liquidation of the estate, MSB would receive

approximately $900,000 on account of its claim.  The Plan does not propose a distribution of

$900,000 to MSB.  Instead, the Debtor proposes to pay, in twenty quarterly installments, MSB's

attorney fees and costs incurred in connection with this case up to the date of confirmation.  The

Plan also proposes to leave intact MSB's rights against the Debtor under certain "agreements . . .

that [are] in effect on the Confirmation Date."  Id. p. 13.  MSB has not accepted the Plan.  *See*

[Dkt. No. 152].  As a result, the Plan cannot be confirmed.  *See* 11 U.S.C. § 1191(a)-(b); *see also*

11 U.S.C. § 1129(a)(7)(A).

The Debtor has two retorts to this seemingly straightforward conclusion.  First, the

Debtor says that he may be able to strike a deal with MSB such that MSB would accept a

modified plan.  Second, the Debtor disavows his own liquidation analysis and suggests that, in a

chapter 7 liquidation, MSB would not receive close to $900,000 because a chapter 7 trustee

could force MSB to look to the assets of a third party (here, Health Affiliates of Maine) before receiving a distribution from the Debtor's estate. According to the Debtor, if a chapter 7 trustee were successful in this endeavor under 11 U.S.C. § 544 and applicable nonbankruptcy law, MSB would receive little or no distribution in the hypothetical chapter 7 case. With the floor so reduced, the Debtor believes that his proposed treatment of MSB's allowed claim in the chapter 11 case would pass muster. He suggests that if peace does not break out with MSB, he could modify his plan to bake this marshalling theory into his liquidation analysis.

The Debtor's positions give rise to plenty of questions, and the path to confirmation appears—at this juncture—to be strewn with obstacles, not the least of which is the Debtor's new marshalling (or marshalling-like) argument. Having said that, it is at least possible that MSB may change its views about the Debtor's Plan (or some modified plan). That possibility— combined with Clavet's desire to proceed to a contested confirmation hearing—militates against an immediate denial of confirmation based on the patent defect that currently exists (i.e., the treatment of MSB's claim). Further, although the Debtor believes that Clavet's objection to confirmation raises a number of "gateway" legal issues that must be decided before an evidentiary hearing on confirmation, the Court is persuaded that the most expeditious course is to proceed directly to a contested hearing.

Discovery is therefore authorized in this contested matter. *See* D. Me. LBR 9014-1(a)(3). At a preliminary hearing on May 13, 2021, the parties represented that they would need only 90 days for discovery. Notwithstanding that representation, the parties will have 119 days from the date of this order to complete discovery. Extensions of this deadline will not be granted unless the party seeking an extension demonstrates compelling circumstances and a showing of reasonable diligence. Within two days after the close of discovery, the parties must contact the

Courtroom Deputy for the purpose of scheduling a final pretrial hearing in this contested matter.

During that final pretrial hearing, the Court will establish a schedule for a contested confirmation

hearing on the Plan.

Although the proponent of a plan may ordinarily modify such plan at any time prior to

confirmation, *see* 11 U.S.C. § 1127(a), the Debtor does not have the right to make his creditors

chase him through a chapter 11 maze constructed out of serial amendments to a plan.  The Debtor

is therefore prohibited from modifying the Plan without prior leave of Court unless: (a) the

modification has the written consent of Franklin, MSB, and Clavet; or (b) the modification

relates to the treatment of MSB's claim, and such modification does not have a material and

adverse effect on the treatment of Clavet's claims under the Plan.  *See* 11 U.S.C. § 105(a) ("The

court may issue any order . . . that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code].").

Date: May 26, 2021                    _____
                                      Michael A. Fagone
                                      United States Bankruptcy Judge
                                      District of Maine