UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Kevin B. Dean,

Debtor

Chapter 11
Case No. 20-20427

### ORDER GRANTING, IN PART, UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS

The Court conducted hearings on October 28 and November 4, 2021, on the United States Trustee's Motion for an Order Requiring Marcus Clegg to Disgorge Fees and Disqualifying Marcus Clegg as Counsel to the Debtor [Dkt. No. 175] (the "Motion"). The Motion was joined by Emile Clavet and opposed by the Debtor. *See* [Dkt. Nos. 187 & 188]. This order memorializes and supplements the disposition of the Motion announced on the record during the hearing on November 4.

Marcus Clegg received post-petition payments from Cecile Dean on behalf of the Debtor and made a calculated decision not to disclose those payments to the Court within the timeframe required by Fed. R. Bankr. P. 2016(b). As a sanction for Marcus Clegg's admitted failure to comply with Rule 2016(b), as well as its filing of false monthly operating reports on the docket in this case, *see* [Dkt. Nos. 143 & 171], any fees and expenses awarded to Marcus Clegg under the United States Bankruptcy Code in the future will be reduced by $100,000.

As of August 16, 2021, the aggregate amount of post-petition payments by Cecile Dean to Marcus Clegg was $205,641.22. *See* [Dkt. No. 182]. Marcus Clegg is hereby ordered to transfer $100,000 of the post-petition payments received from Cecile Dean to the subchapter V trustee within two business days after the date of this order. The subchapter V trustee is hereby

ordered to hold the $100,000 in a trust account pending further order of the Court. As to the remainder of the post-petition payments received from Cecile Dean, Marcus Clegg shall hold them in a client trust account and may not apply them to the Debtor's account or disburse them to any person (including Cecile Dean), unless specifically authorized to do so by further order of the Court.

Under applicable case law, the Court could deny all compensation to Marcus Clegg, in addition to disqualifying the firm as counsel to the Debtor, given the firm's failure to comply with its disclosure obligations. *See, e.g.,* Miller v. U.S. Trustee (In re Indep. Eng'g Co.), 232 B.R. 529, 532-33 (B.A.P. 1st Cir. 1999), *aff'd*, 197 F.3d 13 (1st Cir. 1999); *see also* Rome v. Braunstein, 19 F.3d 54 (1st Cir. 1994); In re Saturley, 131 B.R. 509 (Bankr. D. Me. 1991). The Court has not imposed those twin sanctions here for several reasons. First, despite its actions (and failures) in this case, Marcus Clegg has provided some valuable services to the Debtor. Second, disqualification at this juncture may work a serious hardship on the Debtor given the schedule for a contested confirmation hearing on the Debtor's chapter 11 plan. And, finally, Marcus Clegg's fitness as counsel to a subchapter V debtor, with the fiduciary status of a debtor in possession, is no longer a relevant consideration given the Debtor's removal as a debtor in possession. *See* [Dkt. No. 205].

Date: November 4, 2021

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine